# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **(Chapter 7 Proceeding)** |
| | ) | |
| **HUNTER H. RENFROE** | ) | **Case No. 24-002750-TOM** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| ―――――――――――――――― | ) | |
| | ) | |
| **RLH PROPERTIES** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Plaintiff.** | ) | |
| | ) | |
| **v.** | ) | **Adv. Pro. No. _____** |
| | ) | |
| **HUNTER RENFROE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff RLH Properties Corporation ("RLH" or "Plaintiff"), by and through its counsel, files the following Complaint to determine the dischargeability of debts owed to it by Defendant Hunter Renfroe ("Renfroe" or "Debtor").

## JURISDICTION

1.     On September 10, 2024, Debtor filed with this Court a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2.     This Adversary Proceeding, which seeks to determine the disc0hargeability of debts pursuant to 11 U.S.C. § 523, is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3.     This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

## PARTIES

4.     Plaintiff RLH is an Alabama corporation organized under the laws of the State of Alabama. Its principal place of business is located in Jefferson County, Alabama.  The principal of RLH is Rob Howland.

5.     Debtor is a resident of Jefferson County, Alabama.

## FACTUAL ALLEGATIONS

6.     At Debtor's request, RLH made loans in the aggregate principal amount of $3,000,000 to Orchestra Investments, LLC ("Orchestra"), an entity wholly owned and controlled by Debtor, over the course of several years.  Debtor personally guaranteed RLH's loans to Orchestra.

7.     Debtor is the manager and sole member of Orchestra.

8.     As further alleged below, Debtor's indebtedness to RLH related to the loans is nondischargeable under 11 U.S.C. §§ 523(a)(2), (4), (6), and (19).

## 2019 $1,000,000 Loan to Orchestra

9.      On or about June 13, 2019, RLH loaned Orchestra $1,000,000 (that loan, the "2019 $1M Orchestra Loan"), as evidenced by a promissory note from Orchestra in the original principal amount of $1,000,000 (the "2019 $1M Orchestra Note"), a funding agreement between Orchestra and RLH (the "2019 Orchestra Funding Agreement"), a Confidential Disclosure Letter, and a Lender Questionnaire.

10.     Debtor personally guaranteed Orchestra's obligations under the 2019 $1M Orchestra Note, as evidenced by a guaranty agreement executed and delivered by Debtor (that agreement, the "2019 Renfroe Guaranty").

11.     The 2019 $1M Orchestra Loan was explicitly made pursuant to a securities offering under federal and Alabama law, and no effort was made to cause such offering to be exempt from registration under federal and Alabama laws, or to otherwise comply with any federal or Alabama securities laws, including those prohibiting false representations and other material misstatements.

12.     No registration statement was in effect as to the securities offering pursuant to which the 2019 $1M Orchestra Loan was made.

13.     RLH disbursed the proceeds of the 2019 $1M Orchestra Loan.

14.     The 2019 $1M Orchestra Loan resulted from negotiations with Rob

Howland, RLH's principal, in which Debtor personally participated. Debtor signed the 2019 $1M Orchestra Note and the 2019 Orchestra Funding Agreement as the manager of Orchestra.

15.     During the course of those negotiations, Debtor falsely represented to Howland that his parents, Eugene and Jana Renfroe, had told him they would give him the money to pay his creditors in the event that he could not repay his debts. Debtor made this representation to induce RLH to make the 2019 $1M Orchestra Loan.

16.     RLH reasonably and/or justifiably relied on this representation in making the 2019 $1M Orchestra Loan.

17.     In the 2019 Renfroe Guaranty, Debtor represented to RLH in writing that he was solvent and would not be rendered insolvent by providing his guarantee.

18.     RLH reasonably and/or justifiably relied on this representation in making the 2019 $1M Orchestra Loan.

19.     However, unbeknownst to RLH, Debtor was insolvent at the time he made that representation.

20.     For example, on or about June 9, 2019, less than a week before the 2019 $1M Orchestra Loan was made, Debtor emailed his parents, Jana and Gene,

explaining that he did not have sufficient cash flow to cover his overhead and was "in dire need." He requested that his parents loan him $420,000 to pay his overhead for the next four months.

21.     The 2019 $1M Orchestra Note represents, warrants, and covenants that Orchestra would use all of the loan funds for business or commercial purposes in accordance with the 2019 Orchestra Funding Agreement, and not for personal, family, or household purposes.

22.     The 2019 Orchestra Funding Agreement states that the proceeds of the 2019 $1M Orchestra Loan will be used to invest in or make loans to real estate development projects.

23.     RLH reasonably and/or justifiably relied on these representations and promises in making the 2019 $1M Orchestra Loan.

24.     Debtor (a) personally participated in the making of the representations and promises in the 2019 $1M Orchestra Note and 2019 Orchestra Funding Agreement; (b) authorized and/or directed the making of the representations and promises in the 2019 $1M Orchestra Note and 2019 Orchestra Funding Agreement; (c) contributed and/or helped in the making of the representations and promises in the 2019 $1M Orchestra Note and 2019 Orchestra Funding Agreement; and/or (d) consented to, approved, and/or acquiesced in the making of the representations and promises in the 2019 $1M Orchestra Note and 2019 Orchestra Funding Agreement

with knowledge that such those representations and promises were being made.

25.     Orchestra used part or all of the 2019 $1M Orchestra Loan proceeds for purposes other than investing in or making loans to real estate developments, including paying debts of Debtor and/or debts of other entities which Debtor personally guaranteed.

### 2021 $2,000,000 Orchestra Loan

26.     On or about April 22, 2021, at Debtor's request, RLH agreed to increase the 2019 $1M Orchestra Note by $2,000,000 via an amendment to the 2019 $1M Orchestra Note (that increase, the "2021 $2M Orchestra Loan"). (The 2019 $1M Orchestra Loan and the 2021 $2M Orchestra Loan are collectively referred to as the "$3M Orchestra Loans").

27.     RLH disbursed the proceeds of the 2021 $2M Orchestra Loan.

28.     The 2021 $2M Orchestra Loan was made pursuant to a securities offering under federal and Alabama law, and no effort was made to cause such offering to be exempt from registration under federal and Alabama laws, or to otherwise comply with any federal or Alabama securities laws, including those prohibiting false representations and other material misstatements.

29.     No registration statement was in effect as to the securities offering

Case 24-00051-TOM    Doc 1    Filed 12/06/24    Entered 12/06/24 17:33:20    Desc Main
Document    Page 6 of 17

pursuant to which the 2021 $2M Orchestra Loan was made.

30.     The 2021 $2M Orchestra Loan resulted from negotiations with Rob Howland in which Debtor personally participated.

31.     During the course of those negotiations, Debtor falsely represented to Rob Howland that Debtor's parents had told him they would give him the money to pay his creditors in the event that he could not repay his debts.  Debtor made this representation to induce RLH to make the 2021 $2M Orchestra Loan.

32.     RLH reasonably and/or justifiably relied on this representation in making the 2021 $2M Orchestra Loan.

33.     Part or all of the $2M Orchestra Loan proceeds were used for purposes other than investing in or making loans to real estate developments, including paying debts of Debtor and/or debts of other entities which Debtor personally guaranteed.

34.     For example, on or about April 21, 2021 – the day before the 2021 $2M Orchestra Loan was made – Debtor texted his mother, Jana Renfroe, and told her: "I have to pay Ardent down $2.4M by Friday. Rob [Howland] has said he would loan me the money[.]"

35.     Ardent, upon information and belief, provided more than $6 million in

Case 24-00051-TOM    Doc 1    Filed 12/06/24    Entered 12/06/24 17:33:20    Desc Main
Document      Page 7 of 17

financing to one of Debtor's developments, the Frank Nelson Building,[1] which Debtor personally guaranteed.

36. On or about April 26, 2021 – days after obtaining the 2021 $2M Orchestra Loan - Debtor texted his mother, stating that he "was able to get enough money from Rob [Howland] to extend Ardent[.]"

37. Debtor (a) personally participated in the diversion of the proceeds of the $3M Orchestra Loans; (b) authorized and/or directed the diversion of the proceeds of the $3M Orchestra Loans; (c) contributed to and/or helped in the diversion of the proceeds of the $3M Orchestra Loans; and/or (d) consented to, approved, and/or acquiesced in the diversion of the proceeds of the $3M Orchestra Loans with knowledge that such diversion was being made.

38. Orchestra defaulted on the $3M Orchestra Loans, and Debtor defaulted on the 2019 Renfroe Guaranty.

39. On December 28, 2023, RLH commenced a civil action against Debtor and others styled *John Vawter, et al v. Orchestra Investments, LLC*, Civil Action No. 01-CV-2023-904683 in the Circuit Court of Jefferson County, Alabama (the "State Court Action"). RLH's Complaint in the State Court Action asserts causes of action

---

[1] https://www.bizjournals.com/birmingham/news/2021/05/21/developer-launches-40m-redevelopment-project.html. Accessed Nov, 25, 2024.

against the Debtor and related parties for fraud, suppression, securities fraud, voidable transactions and breach of contract, as well as other causes of action.

40.    On September 10, 2024, Debtor commenced this Chapter 7 bankruptcy case.

41.    RLH timely filed a proof of claim in the amount of $4,893,346.36, which has been designated as Claim No. 24-1 in the Debtor's bankruptcy case.

## COUNT 1: 11 U.S.C. § 523(a)(2)(A)

42.    Plaintiff incorporates the foregoing allegations as if restated herein in their entirety.

43.    Debtor falsely represented and/or misrepresented to RLH that Eugene and Jana Renfroe had told Debtor they would repay his debts if he could not repay them in order to induce RLH to make the $3M Orchestra Loans.

44.    Debtor falsely represented and/or misrepresented to RLH that Orchestra would use the proceeds of the $3M Orchestra Loans to invest in or make loans to real estate development projects.

45.    Alternatively, when Debtor promised RLH that Orchestra would use the $3M Orchestra Loan proceeds to invest in or make loans to real estate, he intended to use all or part of the loan proceeds for other purposes.

46.     Debtor's indebtedness to RLH related to the $3M Orchestra Loans is nondischargeable under 11 U.S.C. § 523(a)(2)(A) because it was obtained by false pretenses, a false representation and/or actual fraud.

WHEREFORE, RLH requests that a judgment be entered in its favor and against Debtor declaring Debtor's indebtedness to RLH related to the $3M Orchestra Loans to be nondischargeable and awarding RLH all amounts owed by Debtor under or related to said loans, including prejudgment interest, attorneys' fees, reasonable costs, relief to which RLH is entitled under applicable securities laws, and such further relief as the Court deems proper.

## COUNT 2: 11 U.S.C. § 523(a)(2)(B)

47.     Plaintiff incorporates the foregoing allegations as if restated herein in their entirety.

48.     Debtor falsely represented and/or misrepresented to RLH in the 2019 Guaranty Agreement that he was solvent in order to induce RLH to advance the $3M Orchestra Loans.

49.     Debtor fraudulently suppressed and/or concealed his true financial condition in order to induce RLH to make the $3M Orchestra Loans.

50.     Debtor's indebtedness to RLH related to the $3M Orchestra Loans is nondischargeable under 11 U.S.C. § 523(a)(2)(B) because it was obtained by use of

a statement in writing that was materially false respecting the Debtor's or an insider's financial condition on which RLH reasonably relied and Debtor caused to be made or published with intent to deceive.

WHEREFORE, RLH requests a judgment be entered in its favor and against Debtor declaring Debtor's indebtedness to RLH related to the $3M Orchestra Loans to be nondischargeable and awarding RLH all amounts owed by Debtor under or related to said loans, including prejudgment interest, attorneys' fees, reasonable costs, relief to which RLH is entitled under applicable securities laws, and such further relief as the Court deems proper.

## COUNT 3: 11 U.S.C. § 523(a)(4)

51.     Plaintiff incorporates the foregoing allegations as if restated herein in their entirety.

52.     Debtor misappropriated the proceeds of the $3M Orchestra Loans to a use other than investing in or making loans to real estate developments, in direct violation of the parties' agreement(s).

53.     Debtor 's 's debts to RLH are for embezzlement and/or larceny, and are therefore nondischargeable under 11 U.S.C. § 523(a)(4).

WHEREFORE, RLH requests a judgment be entered in its favor and against Debtor declaring Debtor's indebtedness to RLH related to the $3M Orchestra Loans

to be nondischargeable and awarding RLH all amounts owed by Debtor under or related to said loans, including prejudgment interest, attorneys' fees, reasonable costs, relief to which RLH is entitled under applicable securities laws, and such further relief as the Court deems proper.

## COUNT 4: 11 U.S.C. § 523(a)(6)

54.     Plaintiff incorporates the foregoing allegations as if restated herein in their entirety.

55.     Debtor intentionally misrepresented to RLH that he was solvent in order to induce RLH to make the $3M Orchestra Loans, despite knowing that he was insolvent at the time those representations were made.

56.     Debtor intentionally concealed and/or suppressed his true financial condition in order to induce RLH to make the $3M Orchestra Loans.

57.     Debtor intentionally misrepresented to RLH that his parents had told him they would pay his debts if he could not repay them in order to induce RLH to make the $3M Orchestra Loans.

58.     Debtor intentionally converted and/or appropriated the $3M Orchestra Loan proceeds to purposes other than investing in or making loans to real estate developments, in direct violation of the parties' agreement(s).

59.     Debtor represented and promised that the proceeds of the $3M

Orchestra Loans would be used to invest in or make loans to real estate developments, which he knew was untrue.

60.     At the time these representations and promises were made, Debtor intended to use the proceeds of the $3M Orchestra Loans for purposes other than investing in or making loans to real estate developments.

61.     Debtor willfully and maliciously injured RLH and/or RLH's property rights by these actions, and as such his indebtedness to RLH related to the $3M Orchestra Loans is nondischargeable under 11 U.S.C. § 523(a)(6).

WHEREFORE, RLH requests a judgment be entered in its favor and against Debtor declaring Debtor's indebtedness to RLH related to the $3M Orchestra Loans to be nondischargeable and awarding RLH all amounts owed by Debtor under or related to said loans, including prejudgment interest, attorneys' fees, reasonable costs, relief to which RLH is entitled under applicable securities laws, and such further relief as the Court deems proper.

## COUNT 5: 11 U.S.C. § 523(A)(19)

62.     Plaintiff incorporates the foregoing allegations as if restated herein in their entirety.

63.     The $3M Orchestra Loans were made pursuant to a securities offering under Alabama and federal law.

64.     In connection with the securities offerings, Debtor (a) falsely represented and/or misrepresented the purposes to which the proceeds of the $3M Orchestra Loans would be put; (b) falsely promised that the proceeds of the $3M Orchestra Loan would be used only to invest in or make loans to real estate developments; (c) falsely represented and/or misrepresented that he was solvent; (d) falsely represented and/or misrepresented that his parents would repay RLH if he could not; and (e) fraudulently concealed and/or suppressed his true financial condition.

65.     The Debtor violated 15 U.S.C. §§ 77*l*(a)(1) and 77e, which provide that any person who offers or sells a security for which no registration statement is in effect as to the security is liable to the person purchasing such security to recover the consideration paid with interest.

66.     The Debtor violated 15 U.S.C. § 77*l*(a)(2), which provides that any person who offers or sells a security by means of a prospectus or oral communication which includes an untrue statement of fact or omits to state a fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading is liable to the person purchasing such security to recover the consideration paid with interest.

67.     The Debtor violated Alabama Code § 8-6-17, which provides that it is

unlawful for any person, in connection with the offer, sale, or purchase of any security, to employ any device, scheme, or artifice to defraud; make any untrue statement of material fact or omit to state a material fact or engage in any act, practice, or course of business which operates or would operate as a fraud or deceit.

68.     The Debtor violated Alabama Code § 8-6-19, which provides that any person who sells or offers to sell a security by means of any untrue statement of a material fact or any omission to state a material fact necessary to make the statements made not misleading is liable to the person buying the security from such seller or offeror.

69.     The Debtor is guilty of common law fraud, deceit, or manipulation in connection with the purchase or sale of a security.

70.     Accordingly, the indebtedness owed by Debtor to RLH related to the $3M Orchestra Loans is nondischargeable under 11 U.S.C. § 523(a)(19).

WHEREFORE, RLH requests a judgment in its favor and against Debtor declaring Debtor's indebtedness to RLH related to the $3M Orchestra Loans to be nondischargeable and awarding RLH all amounts owed by Debtor under or related to said loans, including prejudgment interest, attorneys' fees, reasonable costs, relief to which RLH is entitled under applicable securities laws, and such further relief as the Court deems proper.

Respectfully submitted,

/s/ Andrew J. Sinor
Andrew J. Sinor, Jr., Esq.
Robert T. Clark, Esq.
*Attorney for RLH Properties Corporation*

**OF COUNSEL**
**HAND ARENDALL HARRISON SALE, LLC**
1801 5th Avenue North; Suite 400
Birmingham, AL 35203
Phone: 205-324-4400
Fax:   205-322-1163
dsinor@handfirm.com
rclark@handfirm.com

/s/ N. Chris Glenos
N. Chris Glenos, Esq.
*Attorney for RLH Properties Corporation*

**OF COUNSEL**
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
Phone: 205-521-8000
Fax:   205-488-6721
cglenos@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Complaint has been served upon the following by United States mail, first class postage prepaid and properly addressed, by facsimile or by electronic filing, on this the 6th date of December 2024.


J. Theodore Stuckenschneider, II
Ted Stuckenschneider, PC
1804 7th Avenue North, Ste. E
Birmingham, Alabama 35203
ts@stuckenlaw.com
*Attorney for Debtor Hunter H. Renfroe*

Andre' M. Toffel
Andre' M. Toffel, P.C.
450A Century Park South, Ste. 206-A
Birmingham, Alabama 35226
atoffel@toffelpc.com
*Trustee*

*/s/ N. Chris Glenos*
N. Chris Glenos, Esq.

Case 24-00051-TOM    Doc 1    Filed 12/06/24    Entered 12/06/24 17:33:20    Desc Main
Document    Page 17 of 17