# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>Hunter H. Renfroe )<br>SSN: xxx-xx-8659 )<br>)<br>   Debtor. )<br>)<br>_____ )<br>)<br>RLH Properties Corporation, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>Hunter H. Renfroe, )<br>)<br>   Defendant. ) | Case No. 24-02750-TOM7<br>Chapter 7<br><br><br><br><br><br>AP No. 24-00051-TOM |

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Hunter H. Renfroe submits this Motion for Partial Summary Judgment on Count V of the Complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant respectfully requests the Court enter an order finding in favor of Defendant and against Plaintiff RLH Properties Corporation ("RLH") as to Count V of the Complaint as a matter of law. In support of this Motion, Defendant states as follows.

## I. MATERIAL FACTS NOT SUBJECT TO GENUINE DISPUTE.

1. Plaintiff's Count 5 seeks a nondischargeability determination under 11 U.S.C. § 523(a)(19) premised on alleged violations relating to the 2021 Orchestra loan. (Compl. ¶¶ 89–97.)

2. Plaintiff does not allege, and there does not exist, any prepetition or postpetition "judgment, order, consent order, decree or settlement agreement" against Defendant for any securities-law violation. (See generally Compl.; cf. Compl. ¶ 57 noting only the filing of a state-court action without adjudication.)

3. The state-court action asserted, inter alia, "securities fraud," but it was not reduced to judgment prior to the bankruptcy filing. (Compl. ¶ 57.)

4. In this adversary proceeding, Plaintiff did not plead a separate claim seeking an adjudication of a securities-law violation; Count 5 seeks only a nondischargeability determination under § 523(a)(19).

## II. LEGAL STANDARD.

Summary judgment is appropriate when there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Fed. R. Bankr. P 7002.

## III. BACKGROUND.

Defendant filed this Chapter 7 case on September 10, 2024. Plaintiff RLH commenced this adversary proceeding to determine dischargeability of debts under 11 U.S.C. § 523. (Doc. 57, "<u>Complaint</u>"). Plaintiff alleges that, between 2019 and 2021, it extended made loans amounting to $3 million to Defendant's company, Orchestra Investments, LLC ("<u>Orchestra</u>"), based on misrepresentations and

2

omissions. (Compl. ¶¶ 6, 9, 15, 26, 31). The Complaint pleads a 2019 loan and a 2021 loan, personally guaranteed by Renfroe, which Plaintiff characterize as securities offerings and allege included false statements about solvency, parental backstopping, and use of proceeds. (Compl. ¶¶ 9, 15, 17, 21, 25, 26, 28, 31, 33).

On December 28, 2023, Plaintiff filed a state-court action asserting, among other claims, fraud, suppression, securities fraud, voidable transactions, and breach of contract. (Compl. ¶ 39). No judgment was entered before Renfroe filed this Chapter 7 case on September 10, 2024. In Count 5 of the Complaint, Plaintiff seeks a nondischargeability determination under § 523(a)(19) based on the Orchestra Loans. (Compl. ¶¶ 62–70). Count 5 (§ 523(a)(19)) alleges violations of federal and Alabama securities laws and common-law fraud "in connection with" those offerings. (Id.). The Complaint does not allege–nor does there exist–any judgment, order, consent order, decree, or settlement establishing a securities-law violation.

## IV. ARGUMENT.

### A. PLAINTIFF CANNOT SATISFY § 523(A)(19)(B) AS A MATTER OF LAW BECAUSE NO PREDICATE ADJUDICATION OR SETTLEMENT EXISTS ESTABLISHING A VIOLATION OF SECURITIES LAW.

Section 523(a)(19) provides that a debt is nondischargeable only if it:

(A) is for the violation of federal or state securities laws, or for common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and,

3

Case 24-00051-TOM   Doc 28   Filed 10/13/25   Entered 10/13/25 20:01:32   Desc Main
Document    Page 3 of 14

(B) results from a judgment, order, consent order, decree, or settlement agreement entered by a court of record or administrative agency.

11 U.S.C. 523(a)(19).

Defendant is entitled to summary judgment on Count V as Plaintiff's claim does not result from a judgment, order, consent order, decree, or settlement agreement.

### 1. A Bankruptcy Court Cannot Make a Determination of Nondischargeability Under Section 523(a)(19) Without a Predicate Adjudication or Settlement.

As the statute is conjunctive, the plain language of § 523(a)(19) requires both (1) a violation **and** (2) an adjudication or settlement agreement establishing a violation of securities laws. Courts have consistently enforced this conjunctive requirement. As a bankruptcy court in this circuit held:

> "In order to be nondischargeable, the debt must meet the requirements of **both** subparagraphs (A) and (B) of § 523(a)(19). Thus, in order to prevail, the Plaintiffs must demonstrate that their debt (1) is for violation of securities laws (§ 523(a)(19)(A)); and *(2) results from a judgment, order, consent order, decree or settlement agreement* (§ 523(a)(19)(B))."

In re Loughery, 457 B.R. 904, 907 (Bankr. N.D. Ga. 2011) (emphasis added). See also In re Jafari, 401 B.R. 494, 495-96 (Bankr. D. Colo. 2009). Both elements must be satisfied, and Plaintiff cannot satisfy subsection B.

Section 523(a)(19) was enacted by Congress in the wake of high-profile securities fraud scandals, with the express purpose of preventing individuals who

4

Case 24-00051-TOM    Doc 28    Filed 10/13/25    Entered 10/13/25 20:01:32    Desc Main
Document    Page 4 of 14

have been found liable for securities law violations from discharging those debts in bankruptcy. See S. REP. NO. 107-146, at 2, 12 (2002). Congress was equally clear in its intent to avoid relitigating securities law violations in bankruptcy court, instead requiring that a debt be memorialized by a judgment, order, consent order, decree, or settlement agreement before it can be excepted from discharge under this provision. Id. at 10. But this requirement goes both ways. If Congress did not intend for nondischargeability under § 523(a)(19) to require a predicate judgment or settlement, it could have omitted subsection B. Further evidencing Congress' intent, such a requirement is conspicuously absent from §§ 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6).

A bankruptcy court in Colorado considered the issue presented in the instant case. Jafari, 401 B.R. at 495-96. In Jafari, plaintiffs sought partial summary judgment on a nondischargeability claim under § 523(a)(19). Id. Like the present case, the Jafari plaintiffs' adversary proceeding asked the Court only to find their claims nondischargeable under § 523(a)(2)(A), (a)(2)(B), (a)(4), (a)(6), and (a)(19). Id. The plaintiffs had not obtained an adjudication or settlement for their securities violation claims. Id. The Court held that plaintiffs could not prevail because § 523(a)(19) "requires that an order, decree or agreement exist prior to a determination of nondischargeability." Id. at 499. For the same reason, Plaintiff's claim cannot prevail in the instant case.

5

### 2. A Bankruptcy Court Cannot Make a Determination of Nondischargeability Under Section 523(a)(19) Without a Predicate Adjudication or Settlement.

Here, Plaintiff's Complaint is devoid of any allegation that a judgment, order, consent order, decree, or settlement agreement has been entered against Defendant for any alleged violation of securities law. The only reference is to a pending state-court action, which was not reduced to judgment prior to the bankruptcy filing. (Compl. ¶ 39). Moreover, Plaintiff does not plead a standalone claim for a securities-law violation to be adjudicated here; it seeks only a nondischargeability determination.

If Plaintiff believed that a securities law violation had occurred and wished to obtain the necessary predicate for nondischargeability under § 523(a)(19), Plaintiff could have sought relief from the automatic stay to allow the state court action to proceed. If successful, this would have provided Plaintiff with the required judgment, order, or decree to support a claim under § 523(a)(19). However, Plaintiff has not sought such relief and instead attempts to proceed on a nondischargeability claim without first obtaining the necessary adjudication in an appropriate forum.

Like the plaintiff in <u>Jafari</u>, Plaintiff seeks a determination of nondischargeability under § 523(a)(19) without a predicate adjudication or settlement. Further like the plaintiff in <u>Jafari</u>, Plaintiff did not plead a standalone claim for a securities-law violation to be adjudicated here; it seeks only a

6

nondischargeability determination. Count V is procedurally improper and premature. The Court should echo the holding of the <u>Jafari</u> court and find that Defendants are entitled to summary judgment in their favor on Count V.

    **B.    PLAINTIFF'S IMPROPER PURSUIT OF NONDISCHARGEABILITY UNDER SECTION 523(A)(19) HAS WASTED ASSETS OF THE ESTATE AND MAY CONSTITUTE AN ABUSE OF PROCESS.**

In addition to being legally deficient, Plaintiff's inclusion of Count V is also the source of significant waste to the bankruptcy estate. Seeking a determination of nondischargeability is both duplicative and unnecessary under the bankruptcy code. Rather than use the proper avenues for pursuing nondischargeability, Plaintiff has used § 523(a)(19) as a vehicle to pursue sweeping and extremely burdensome discovery. Plaintiff has issued sixty third-party subpoenas to a broad scope of individuals and entities including those with little to no relevance to the issues before this court (e.g., the Birmingham Business Journal) and propounded extensive discovery requests. Both the subpoenas and the discovery requests have resulted in the production of over 100,000 of pages of documents requiring review and analysis by counsel for Defendant, not to mention resources incurred for the various third party recipients of the subpoenas and their lawyers. At best, Plaintiff's pursuit has resulted in significant waste to the bankruptcy estate; at worst, Plaintiff is playing an expensive game–a pretext designed to overwhelm, harass, burden, and embarrass Defendant and coerce him into a settlement.

### 1. A Determination of Nondischargeability Under § 523(a)(19) Remains Unneccesary.

Plaintiff's attempt to seek a determination of nondischargeability under § 523(a)(19) is not only burdensome, it is entirely unnecessary. Plaintiff does not even need the Court to determine nondischargeability. 11 U.S.C. § 523(c)(1) requires a creditor to seek a determination of nondischargeability for certain debts (e.g. § 523(a)(2), (a)(4), and (a)(6)). Section 523(c)(3) does not apply to (a)(19). See In re McClung, 304 B.R. 419, 424 (Bankr. D. Idaho 2004) ("There is no prerequisite that a creditor seek a determination from the bankruptcy court that a debt is nondischargeable as a condition of collecting a debt excepted from discharge under [§ 523(a)(19)]."). The debt's nondischargeable status is already established by operation of law if the statutory elements are met. This distinction renders the Plaintiff's pursuit of a nondischargeability determination under 11 USCS § 523(a)(19) burdensome *and* unnecessary– in other words, wasteful.

### 2. Count V Remains Essentially Duplicative of Plaintiff's Other Claims.

The Plaintiff's inclusion of a claim under § 523(a)(19) is particularly frivolous because it encompasses claims that are addressed more efficiently under §§ 523(a)(2), (a)(4), or (a)(6). Section 523(a)(19) is entirely redundant and procedurally improper. Attempting to prove fraud with greater specificity (in connection with the sale of securities) is wasteful when Plaintiff could just attempt

8

to prove fraud generally. Plaintiff could likely achieve the same result under the remaining nondischargeability claims with far less expense and procedural complexity. These provisions are narrower in scope and allow for more focused discovery, reducing the burden on the estate. Plaintiff's approach unnecessarily increases litigation costs and delays resolution. Plaintiff's pursuit of § 523(a)(19) instead of relying on these narrower claims suggests an intent to weaponize the discovery process, imposing undue costs on the Defendant and the estate.

   **3. Plaintiff's Pursuit of Nondischargeability Under § 523(a)(19) Wastes Resources of the Estate and Prevents the Efficient Resolution of the Case.**

  The estate has been forced to incur substantial costs and expend significant resources responding to discovery on a claim that cannot, as a matter of law, result in a finding of nondischargeability under § 523(a)(19). Plaintiff's weaponization of discovery requests and subpoenas are inefficient and prejudicial to the interests of creditors and the administration of the estate.

  Plaintiff has issued sixty third-party subpoenas and propounded extensive discovery requests, resulting in the production of over 100,000 pages of documents. Again, § 523(a)(19) requires a predicate judgment or settlement that does not exist; no discovery can cure that legal defect. But even if an (a)(19) claim was properly before this Court, Plaintiff's discovery posture entirely depends on an alleged securities law violation and cannot be justified under the remaining, traditional

9

nondischargeability counts. Absent § 523(a)(19), discovery must be cabined by Rule 26(b)(1) to matters relevant to whether Defendant defrauded Plaintiff specifically, i.e., the representations made to Plaintiff, Plaintiff's reliance, Defendant's intent, and causation of Plaintiff's loss under §§ 523(a)(2), (a)(4), or (a)(6). It would not open the door to prove securities fraud writ large, or to test a generalized scheme through third parties and other investors. Plaintiff's asserted relevance hinges on a scheme-wide securities violation in connection with offerings to anyone–a theory unique to § 523(a)(19) precisely because it does not require a misrepresentation to Plaintiff. By contrast, the remaining counts require proof tied to Plaintiff alone: representations made to it, its reliance, Defendant's scienter, and causation of its loss. Consequently, discovery into other investors, other offerings, portfolio-wide valuations, third-party lender files, and global restructuring workstreams falls outside Rule 26(b)(1)'s relevance and proportionality limits, and Rule 45 bars imposing such burdens on nonparties absent a specific, case-linked necessity. Fed. R. Civ. P. 45(d). Without Count V, the same expansive third-party discovery simply is not justified.

Plaintiff's relentless pursuit of nondischargeability under § 523(a)(19) rides dangerously close an abuse of process as defined by bankruptcy courts. While § 105(a) does not define abuse of process, courts have defined it as "maneuvers or schemes which would have the effect of undermining the integrity of the bankruptcy

10

system." In re Trevino, 615 B.R. 108, 128 (Bankr. S.D. Tex. 2020) (internal quotations omitted). "An abuse of process occurs when a creditor engages in a maneuver or scheme sufficient to undermine the integrity of the bankruptcy system that disrupts the bankruptcy process and prejudices debtors." In re Dewitt, 651 B.R. 215, 236 (Bankr. S.D. Ohio 2023) (internal quotations omitted). Plaintiff's pursuit of 11 USCS § 523(a)(19) appears to be a strategic maneuver to impose unnecessary costs and burdens on the estate, rather than a bona fide effort to gather the information necessary to adjudicate or resolve the underlying dispute.

Defendant does not ask the Court to find an abuse of process at this juncture. Rather, Defendant respectfully requests the Court put an end to Plaintiff's pursuit of nondischargeability under § 523 (a)(19). Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad equitable powers to prevent abuse of process and ensure the efficient administration of bankruptcy cases, authorizing courts to issue any order necessary to carry out the provisions of the Bankruptcy Code and to prevent conduct that undermines its essential purposes. At the very least, Plaintiff's inclusion of Count V has thwarted the efficient administration of the case.

Plaintiff would not be prejudiced by such action, as Plaintiff has other avenues available to pursue nondischargeability based on Plaintiff's claims of fraud or willful and malicious injury under §§ 523(a)(2), (4), and (6). Again, Plaintiff does not even

11

Case 24-00051-TOM    Doc 28    Filed 10/13/25    Entered 10/13/25 20:01:32    Desc Main
Document    Page 11 of 14

need the Court to determine nondischargeability on Count V, as § 523(c)(3) does not apply to (a)(19).

The unnecessary litigation of nondischargeability under § 523(a)(19) imposes significant costs on the estate, diverting resources that could otherwise benefit creditors. Plaintiff should focus its Complaint on the remaining provisions, which are more narrowly tailored and procedurally appropriate for adjudication in bankruptcy court. Granting summary judgment on Count 5 will promote judicial economy, focus the litigation on triable issues, and protect the estate from further avoidable expense.

## IV. CONCLUSION.

For the foregoing reasons, there is no genuine dispute of material fact and Defendant is entitled to judgment as a matter of law on Count V. Plaintiff cannot, as a matter of law, satisfy the requirements of § 523(a)(19)(B) because there is no predicate judgment, order, consent order, decree, or settlement agreement establishing a securities law violation. The statutory text, legislative history, and overwhelming weight of authority–including persuasive decisions from bankruptcy courts within the Eleventh Circuit–make clear that both elements of § 523(a)(19) are mandatory and conjunctive. Plaintiff's inability to establish the requisite judgment, order, or settlement is dispositive. Further, no amount of discovery can cure this purely legal deficiency. Rather, Plaintiff's relentless sweeping discovery maneuvers

waste assets of the estate and prevent the efficient administration of the bankruptcy. Plaintiff's attempt to proceed on Count V without the required predicate is procedurally improper, prejudicial to the estate, and contrary to the policy and purpose of the statute.

WHEREFORE, Defendant respectfully requests that the Court enter an order granting partial summary judgment in favor of Defendant and against Plaintiff on Count V and awarding such further relief as the Court deems proper.

Respectfully submitted on October 13, 2025.

/s/ *Stuart M. Maples*
STUART M. MAPLES
(ABS-1974-S69S)

Stuart M. Maples
**THOMPSON BURTON PLLC**
Regions Building
200 Clinton Ave. West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779
Fax: (256) 489-9720
smaples@thompsonburton.com

/s/ *Augusta S. Dowd*
AUGUSTA S. DOWD

Augusta S. Dowd
W. Chambers Waller IV
**WHITE ARNOLD & DOWD P.C.**
2001 Park Place North, Suite 1400
Birmingham, Alabama 35203
Tel:   (205) 323-1888
adowd@whitearnolddowd.com
cwaller@whitearnolddowd.com

13

# CERTIFICATE OF SERVICE

      I do hereby certify that I served a copy of the forgoing document on all parties requesting service via the Court's CM/ECF system on October 13, 2025.

Andrew J. Sinor
Robert T. Clark
**HAND ARENDALL HARRISON SALE, LLC**
1801 5th Avenue North; Suite 400
Birmingham, AL 35203
dsinor@handfirm.com
rclark@handfirm.com

N. Chris Glenos
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
cglenos@bradley.com

                                                       */s/ Stuart M. Maples*
                                                       STUART M. MAPLES