# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Hunter H. Renfroe | ) | Case No. 24-02750-TOM7 |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| RLH Properties Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AP No. 24-00051-TOM |
| | ) | |
| Hunter H. Renfroe, | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE IN OPPOSITION
## TO MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW RLH Properties Corporation ("RLH"), plaintiff in the above-captioned adversary proceeding, and by and through its undersigned counsel hereby responds in opposition to the *Motion for Partial Summary Judgment* [AP Doc. 28] (the "Motion") filed by Hunter H. Renfroe ("Debtor").

### INTRODUCTION

1. The Debtor seeks partial summary judgment on Count 5 of RLH's Complaint, which requests a non-dischargeable judgment against the Debtor for securities violations under 11 U.S.C. § 523(a)(19). Section 523(a)(19) excludes from discharge debts arising from violations of "Federal or state securities laws" or "common law fraud, deceit, or manipulation in connection with the purchase or sale of any security" that result from "any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding" entered "before, on,

1

or after" the petition date. 11 U.S.C. § 523(a)(19). RLH asserts that this Court is permitted to adjudicate the underlying securities claim in this adversary proceeding based on the plain language of § 523(a)(19) because it is unquestionably a "Federal judicial proceeding." Contrary to the plain language of the statute, the Debtor argues that the "judgment, order, or decree" adjudicating the underlying securities fraud claim against the Debtor must be entered by a non-bankruptcy court.

2. In addition to ignoring the plain language of the statute, the Motion also fails to acknowledge that numerous courts have rejected the narrow interpretation of Section 523(a)(19) advanced by the Debtor, and that there is in fact a split in the caselaw as to whether a bankruptcy court itself may enter the "judgment, order, consent order, or decree" required by § 523(a)(19)(B). To date, no circuit court has provided definitive guidance on the issue. This Court should decline the Debtor's request to adopt the "Narrow View" (that bankruptcy courts cannot decide the underlying securities claim) and should instead follow the more sensible and efficient "Expanded View" (that bankruptcy courts can decide the underlying securities claim). The plain language of the statute mandates this approach. The Expanded View is also supported by the statute's legislative history and intent, and sound policy reasons, including the interests of judicial economy, conserving the parties' resources, and avoiding piecemeal litigation.

3. If the Court were to grant the Motion and adopt the Narrow View as urged by the Debtor, the parties would be forced to litigate RLH's § 523(a)(19) claim in a parallel state court action while litigating the remainder of RLH's non-dischargeability claims in this Court. Such a bifurcated, illogical and inefficient approach would consume the limited resources of two separate courts and waste the time and resources of both parties, as well as run the risk of conflicting and inconsistent adjudications arising out of the same facts. The Court should therefore reject the "Narrow View" of § 523(a)(19) advocated by the Debtor and adjudicate all of RLH's non-dischargeabilty claims in a single proceeding before this Court. Such action would be consistent

with the plain language of the statute and the "Expanded View," which numerous bankruptcy courts agree is the proper and more sensible interpretation of Section 523(a)(19).

## PROCEDURAL BACKGROUND

4. On December 28, 2023, RLH filed a civil action against the Debtor and certain others styled *John Vawter, et al v. Orchestra Investments, LLC*, Civil Action No. 01-CV-2023-904683, in the Circuit Court of Jefferson County, Alabama (the "State Court Action"). (Compl. ¶ 39). In the State Court Action, RLH alleged, among other things, that Debtor had committed fraud, suppression, securities fraud (under both state and federal law), voidable transactions, and breach of contract. *Id*.

5. On September 10, 2024, before RLH's claims in the State Court Action were adjudicated, the Debtor filed the above-captioned bankruptcy case, which stayed the State Court Action.

6. On December 6, 2024, RLH filed its Complaint [AP Doc. 1] (the "Complaint") against Debtor initiating the above-captioned adversary proceeding. The Complaint seeks a determination from this Court that RLH's claims against the Debtor are non-dischargeable pursuant to various subsections 11 U.S.C. § 523, including its securities claims under federal and state law. The Complaint includes claims against the Debtor under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), and 523(a)(19).

7. Specifically, RLH avers in its Complaint that it extended certain loans in an aggregate principal amount of $3 million (the "Loans") to Debtor's company, Orchestra Investments, LLC, over the course of several years as part of certain securities offerings, and that the Debtor violated federal and state securities laws in connection therewith. (Compl. ¶¶ 6-38).

3

Case 24-00051-TOM    Doc 41    Filed 01/16/26    Entered 01/16/26 14:43:20    Desc Main
Document    Page 3 of 20

8. In Count 5 of its Complaint, RLH seeks a determination from this Court both that the Debtor violated securities laws and that the indebtedness owed to him is non-dischargeable in the Debtor's bankruptcy pursuant to 11 U.S.C. § 523(a)(19). (Compl. ¶¶ 62–70).

9. The majority of the underlying factual allegations made the basis of RLH's securities fraud claims under Section 523(a)(19) also serve as the basis of RLH's claims against the Debtor under Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6). In other words, there is considerable overlap between the factual allegations supporting RLH's Section 523(a)(19) claim and RLH's other Section 523(a) claims against the Debtor.

10. By Order of the State Court dated November 14, 2024, the State Court Action remains stayed due to the pendency of the proceedings before this Court.

**ARGUMENT**

**I. This Court May Fully Adjudicate RLH's Securities Law Claims under § 523(a)(19); RLH is Not Required to Obtain a Predicate Adjudication of Securities Violations in Any Other Federal or State Proceeding.**

11. 11 U.S.C. § 523(a)(19) provides that a debt is non-dischargeable in a debtor's bankruptcy if it:

> **(A)** is for—
> **(i)** the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
> **(ii)** common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
> **(B)** results, before, on, or after the date on which the petition was filed, from—
> **(i)** any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
> **(ii)** any settlement agreement entered into by the debtor; or
> **(iii)** any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor[.]

11 U.S.C. § 523(a)(19).

12. Debtor contends in the Motion that he is entitled to summary judgment on Count 5 because RLH's claim does not "result from a judgment, order, consent order, decree, or settlement agreement." (Motion, pg. 4). In other words, Debtor argues that RLH cannot obtain a ruling of non-dischargeability under § 523(a)(19) because there has been no "predicate adjudication" establishing that Debtor has engaged in securities fraud or otherwise violated a securities law. (Motion, pgs. 3-7). The Debtor's argument incorrectly presumes that this Court lacks authority to itself enter the "judgment, order, consent order, or decree" required by § 523(a)(19)(B) and that such adjudication must occur in a different "Federal or State judicial or administrative proceeding."

13. The Motion fails to apprise the Court that numerous courts have rejected the Debtor's interpretation of Section 523(a)(19) and that a split of authorities exists whether bankruptcy courts themselves may enter the order, judgment, or decree satisfying § 523(a)(19)(B) (the "Order Requirement"). The approach advocated by the Debtor (that the Order Requirement must be satisfied in a non-bankruptcy forum) is referred to herein as the "Narrow View," whilst the contrasting approach advanced by RLH (that bankruptcy courts may satisfy the Order Requirement) is referred to as the "Expanded View." The Debtor's citations to the statute also conveniently omit the highly relevant language in § 523(a)(19)(B) providing that the Order Requirement may be satisfied "before, on or after" the petition date by a judgment or order in any Federal or State proceeding. This omitted statutory language is dispositive of the Motion in RLH's favor.

14. The foundational case for the Narrow View advocated by the Debtor is *In re Jafari*, 401 B.R. 494 (Bankr. D. Colo. 2009).[1] The *Jafari* court held that claimants could not pursue non-

---

[1] Debtor also cites *In re Loughery*, 457 B.R. 904 (Bankr. N.D. Ga. 2011). The *Loughery* case does not expressly discuss the Expanded View versus the Narrow View, and merely notes that claimants proceeding under § 523(a)(19) must demonstrate both "that their debt (1) is for violation of securities laws (§ 523(a)(19)(A)); and (2) results from a judgment, order, consent order, decree or settlement agreement (§ 523(a)(19)(B))." *Loughery*, 457 B.R. at 907. Consequently, it is not discussed in depth in this Response.

5

dischargeability claims pursuant to Section 523(a)(19) "without first obtaining a written determination of liability from another tribunal." *Jafari*, 401 B.R. at 495.

15. Although some bankruptcy courts have followed *Jafari*,[2] many courts have disagreed with the reasoning of *Jafari* and instead adopted the Expanded View.[3] This Court should do likewise because (1) the plain language of the statute, (2) its legislative history and intent, and (3) the interests of judicial economy and avoiding piecemeal litigation support the Expanded View that bankruptcy courts may adjudicate the underlying securities law claim in satisfaction of the Order Requirement of § 523(a)(19). Moreover, and as noted herein, there is ample persuasive precedent that the Expanded View, and not the Narrow View, is the proper interpretation of § 523(a)(19). Legal commentators have also advocated that the Expanded View is the proper and more sensible interpretation of the statute. *See* Ryan D. Zick and Jeff Tchakarov, *Adjudicating Securities Law Violations in the Age of Limited Bankruptcy Court Jurisdiction*, 26 Am. Bankr. Inst. L. Rev. 293 (2018).[4]

### A. The Plain Language of the Statute Supports the Expanded View.

16. Section 523(a)(19)(B) provides that the Order Requirement is satisfied by "***any judgment, order, consent order or decree entered in <u>any</u> Federal … judicial … proceeding***" resulting "***before, on or after the date on which the petition was filed***." 11 U.S.C. § 523(a)(19) (emphasis added). This bankruptcy proceeding is a "Federal judicial proceeding." This clear and unambiguous language in the statute is dispositive of the Debtor's Motion without need for any

---

[2] For examples, *see In re Collier*, 497 B.R. 877, 902-03 (Bankr. E.D. Ark. 2013); *In re Anderson*, 2012 WL 3133827 (Bankr. D. Idaho 2012); *In re Bundy*, 468 B.R. 916 (Bankr. E.D. Wash. 2012); *In re Pujdak*, 462 B.R. 560 (Bankr. D. S.C. 2011); and *In re Miles*, 2011 WL 1124183, *5 (Bankr. N.D. Ga. 2011). *See also In re Reuter*, 427 B.R. 727, 760 (Bankr. W.D. Mo. 2010), aff'd, 443 B.R. 427 (B.A.P. 8th Cir. 2011) (noting that it would likely be persuaded by *Jafari*'s reasoning).
[3] *See In re Stehrenberger*, 665 B.R. 402 (B.A.P. 9th Cir. 2024); *In re Bae*, 645 B.R. 272, 288 (Bankr. N.D. Cal. 2022); *In re Holzhueter*, 571 B.R. 812 (Bankr. W.D. Wis. 2017); *In re Chui*, 538 B.R. 793, 806-807 (Bankr. N.D. Cal. 2015); *In re Hill*, 495 B.R. 646, 657-58 (Bankr. D. N.J. 2013); and *In re Jensen-Ames*, 2011 WL 1238929, *8-9 (Bankr. W.D. Wash. 2011).
[4] *See* **Appendix A**.

6

further inquiry or analysis. Thus, the Court should deny the Motion and proceed to adjudicate RLH's securities law claims against the Debtor under § 523(a)(19), along with RLH's other non-dischargeability claims against the Debtor.

17. It is well-established that statutory interpretation begins with the actual language contained within the statute; if that language is plain and unambiguous, then the "sole function of the courts" is to enforce that statute "according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989)). *See also BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) ("[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous"). Moreover, when reviewing such language, courts should give words their ordinary meaning "unless the statute clearly expresses an intention to the contrary." *United States v. Neal*, 776 F.3d 645, 652 (9th Cir. 2015) (citing *Ron Pair Enterprises*, 489 U.S. at 242).

18. The Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley") added Section 523(a)(19) to the U.S. Bankruptcy Code. *See* Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, § 803(3), 116 Stat. 745 (2002). Importantly, the statute originally did not include the phrase "before, on, or after the date on which the petition was filed." Without this temporal language, the statute as originally written necessarily implied that the Order Requirement must be satisfied prior to the filing of a debtor's bankruptcy petition. Hence, because the statute required a pre-petition adjudication of a securities violation or fraud, there was no option for a bankruptcy court to itself provide the order or judgment satisfying the Order Requirement.

19. However, in 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") amended § 523(a)(19)(B) to include its current phrasing to state that the required securities violation adjudication may occur "before, on or after" the petition date. Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 1404(a), 119 Stat.

7

Case 24-00051-TOM    Doc 41    Filed 01/16/26    Entered 01/16/26 14:43:20    Desc Main
Document    Page 7 of 20

23 (2005). The inclusion of this new language triggered a debate whether bankruptcy courts could themselves satisfy the Order Requirement.

20. Despite the division that currently exists between courts regarding adoption of the Narrow View versus the Expanded View, the current language of § 523(a)(19) is not ambiguous. Accordingly, there is no need to look beyond its plain meaning to interpret the statute.

21. Section 523(a)(19) states that there shall be no discharge for debts resulting "before, on, or after the date on which the petition was filed" from "any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding[.]" 11 U.S.C. § 523(a)(19)(B). The word "any" typically has "an expansive meaning, that is, one or some indiscriminately of whatever kind." *In re Stehrenberger*, 665 B.R. 402, 415 (B.A.P. 9th Cir. 2024) (quoting *Saldivar v. Sessions*, 877 F.3d 812, 816 (9th Cir. 2017)).

22. Proceedings before a bankruptcy court constitute a Federal judicial proceeding. There is no argument to the contrary. The plain meaning of the statute thereby indicates that both (1) the judgment or order satisfying the Order Requirement may be entered post-petition, and (2) that very judgment or order may be entered by a bankruptcy court. The statute thus provides bankruptcy courts with the authority to satisfy the Order Requirement, and there is no implication within the statute itself that indicates otherwise.

23. Some proponents of the Narrow View have contended that § 523(a)(19) must be interpreted in the context of other subsections of § 523(a), which have "predicates in prepetition judgments or orders." [5] *In re Hill*, 495 B.R. 646, 656 (Bankr. D. N.J. 2013). *See also Jafari*, 401 B.R. at 497-99.

---

[5] Specific subsections that have been compared and contrasted to Section 523(a)(19) include 11 U.S.C. §§ 523(a)(7) (debts for a "fine, penalty, or forfeiture" payable to a governmental unit), (a)(11) (debts from a "final judgment, unreviewable order, or consent order or decree entered in any court of the United States or of any State" arising from "fraud or defalcation while acting in a fiduciary capacity committed with respect to any depository institution or

24. However, subsequent cases have rightfully rejected the notion that a comparison of Section 523(a)(19) to other subsections of 11 U.S.C. § 523(a) reveals a wider pattern within 11 U.S.C. § 523(a) requiring securities fraud adjudications to be made outside of bankruptcy courts:

> *Jafari* relies on the fact that some of § 523's subsections specifically refer to claims that are reduced to judgment and other sections do not . . . The *Jafari* court asserts that each of these sections only applies if another court has decided the debtor's liability. We disagree.
>
> In the first place, the *Jafari* court simply assumed, without analysis or citations, that the bankruptcy court cannot enter the order on which those subsections are based. This is only true with respect to § 523(a)(11) and (13) . . . In the second place, we disagree with the *Jafari* court's unsupported statement that subsections (7) and (17) require the existence of an order entered by another court. Subsection (a)(7) does not mention an order at all, and in fact § 505(a) specifically permits the bankruptcy court to determine tax-related matters in most circumstances unless that issue was already determined by a non-bankruptcy tribunal. We see no reason why a bankruptcy court could not enter an order against a prisoner to which subsection (a)(17) could apply.
>
> Finally, even if some other subsections of § 523(a) require an order of a non-bankruptcy forum, nothing in the language of § 523(a)(19) so provides or suggests.
>
> *Stehrenberger*, 665 B.R. at 416-17. *See also Hill*, 495 B.R. at 656-57.

25. This Court, therefore, should adopt the Expanded View consistent with the simple and unambiguous language of this statute.

### B. The Legislative History and Policy of § 523(a)(19) Support the Expanded View.

#### (1) Legislative Intent – Nothing Within the Statute's Legislative History Indicates That the Narrow View, and Not the Expanded View, is the Correct Approach to Section 523(a)(19).

26. If a statute's language is ambiguous or capable of more than one reasonable interpretation, courts may resort to additional tools, such as a review of legislative history and intent, or underlying policy, to interpret the statute. *See United States v. Mills*, 140 F.3d 630, 633 (6th Cir. 1998) ("Only when the language of the legislation is unclear should we look beyond the

---

insured credit union"), (a)(13) (federal criminal restitution orders), and (a)(17) (certain fees assessed against prisoners "by any court").

wording of the statute to the intent of the legislature") (citing *United States v. Winters*, 33 F.3d 720, 721 (6th Cir. 1994)); and *Blum v. Stenson*, 465 U.S. 886, 896-97 (1984).

27. Even if the language of § 523(a)(19) were ambiguous or unclear (which it is not), nothing within the legislative history and intent of the statute indicate that the Narrow View, instead of the Expanded View, is the correct approach for Section 523(a)(19).

28. The legislative history of Sarbanes-Oxley indicates that the purpose of § 523(a)(19) was as follows:

> Current bankruptcy law may permit [violators of securities laws] to discharge their obligations under court judgments or settlements based on securities fraud and other securities violations. This loophole in the law should be closed to help defrauded investors recoup their losses and to hold accountable those who violate securities laws after a government unit or private suit results in a judgment or settlement against the wrongdoer. This provision is meant to prevent wrongdoers from using the bankruptcy laws as a shield and to allow defrauded investors to recover as much as possible.
> . . .
> State securities regulators have indicated their strong support for this change in the bankruptcy law. Under current laws, state regulators are often forced to "reprove" their fraud cases in bankruptcy court to prevent discharge . . . In short, with their resources already stretched to the breaking point, state regulators must plow the same ground twice in securities fraud cases. By ensuring securities law judgments and settlements in state cases are non-dischargeable, precious state enforcement resources will be preserved and directed at preventing fraud in the first place.

148 Cong. Rec. S7418-01, *S7419 (July 26, 2002) (statement of Sen. Leahy).[6]

29. The BAPCPA amendment to § 523(a)(19) was, by all appearances, simply meant "to remove a temporal limitation from the elements of the § 523(a)(19) discharge exception." *In re Chan*, 355 B.R. 494, 504 (Bankr. E.D. Pa. 2006). Nothing within the statute's legislative history indicates that Congress intended to otherwise limit the jurisdiction of bankruptcy courts.[7]

---

[6] *See also* S. Rep. No. 107-146, at *16 (May 6, 2002); and 148 Cong. Rec. S1783-01, *S1787 (March 12, 2002) (statement of Sen. Leahy).

[7] Additionally, in respect to the BAPCPA, it has been noted that "it is sensible to infer that, when Congress did away with the temporal limitation, it also meant to do away with all of the necessary implications of the temporal requirement." *Stehrenberger*, 665 B.R. at 416.

30. Rather, the 2005 BAPCPA amendment and, in turn, the Expanded View, necessarily make it more difficult for violators of securities laws to avoid discharge of their wrongdoings.[8] Accordingly, far from counteracting the aims and purposes stated within § 523(a)(19)'s legislative history, the Expanded View furthers those goals by expanding the timing and type of proceeding that may satisfy the Order Requirement. Such an expansion furthers the very goal of protecting victims of securities fraud that Congress originally set out to achieve.

### (2) Legislative Intent - Judicial Economy and Other Policy Concerns Support the Expanded View.

31. The Expanded View also promotes a different aim of Sarbanes-Oxley, namely, the goal of preventing victims of securities fraud from having to jump through additional hoops and engage in multi-phased, protracted litigation to recover from fraudsters.

32. As noted, Sarbanes-Oxley's legislative history includes commentary regarding how that state regulators were being forced to "reprove" their fraud cases before bankruptcy courts. Specifically, it was noted that "with their resources already stretched to the breaking point" they were being required to "plow the same ground twice in securities fraud cases." 148 Cong. Rec. S7418-01, *S7419 (July 26, 2002) (statement of Sen. Leahy).

33. The adoption of the Narrow View would needlessly require claimants who have not satisfied the Order Requirement prior to a debtor's bankruptcy to essentially bifurcate their non-dischargeability claims and proceed with their other claims in bankruptcy court while pursuing, separately, an order or judgment for their § 523(a)(19) claims in a non-bankruptcy forum. This would require a claimant to seek stay relief and then proceed to either file a complaint or revive an existing lawsuit against the debtor within an alternative forum, all while the bankruptcy court

---

[8] This may be contrasted to the Narrow View, which "removes the traditional flexibility which bankruptcy courts have in abstaining or not abstaining in a wide range of proceedings . . . full bankruptcy court jurisdiction maximizes achievement of the purposes of Sarbanes–Oxley, while fostering sensible bankruptcy case administration." *Hill*, 495 B.R. at 659-660.

11

proceeded with its review of any other non-dischargeablility claims. This is, in fact, what the Debtor suggests in the Motion that RLH should have done. (Motion, pg. 6).

34. The Narrow View advocated by the Debtor, if adopted, would run contrary to the interests of judicial economy and avoiding piecemeal litigation, waste the parties' resources, and increase the likelihood of inconsistent and conflicting adjudications. Non-dischargeability claims brought pursuant to § 523(a)(19) typically include alternative subsections of § 523(a) based on identical (or at least substantially overlapping) factual allegations as a claimant's § 523(a)(19) claims. That is certainly the case here. RLH has asserted multiple counts under various subsections of §523(a) based on a common set of factual allegations. It makes both logical and monetary sense for parties to litigate all possible § 523(a) claims together in one proceeding. *See Hill*, 495 B.R. at fn. 19 ("Adversary proceedings or other securities law actions are likely to include: (i) multiple substantive securities law-based causes . . . ; (ii) a number of different grounds for exception to bankruptcy discharge . . .; and (iii) multiple parties, crossclaims and third-party actions").

35. Moreover, Count 5 is closely related to RLH's other counts requesting relief pursuant to §§ 523(a)(2), (4) and (6). Bankruptcy courts have found that in such instances where there are non-dischargeability claims which must be determined by a bankruptcy court, allowing a §523(a)(19) claim to be heard at the same time may achieve "the laudable goal of judicial economy." *Chan*, 355 B.R. at 507.

36. Requiring claimants such as RLH to pursue the multi-step process urged by the Debtor also challenges Congress's stated objectives under Sarbanes-Oxley. Namely, as has been noted by other bankruptcy courts:

> If section 523(a)(19) divests the bankruptcy court from fully adjudicating the securities fraud claim, then investors would be required to file a motion for relief from the automatic stay, and commence a civil action for securities law violations with a different tribunal . . . [S]ection 523(a)(19) does not bar a bankruptcy court from reaching the merits of a claim

> for a securities law violation. To do so is impractical and cuts against "sensible bankruptcy case administration."
>
> . . .
>
> Determining the claims in this Court will avoid piecemeal litigation, advance a faster resolution of all claims . . . and will be more cost effective and efficient for all parties.

*In re Holzhueter*, 571 B.R. 812, 824 (Bankr. W.D. Wis. 2017) (quoting *Hill*, 495 B.R. at 659-60).

37. Permitting the parties to litigate all of RLH's § 523(a) claims in a single proceeding before this Court advances the legislative intent of § 523(a)(19) by avoiding unnecessary, duplicative, and wasteful litigation.

**C. The Court Should Follow the Numerous Bankruptcy Courts That Have Rejected the Narrow View in Favor of the Expanded View.**

38. While some circuit and district courts have seemingly acknowledged the split between the Expanded View and Narrow View, to date, bankruptcy courts are without any definitive guidance from them on this issue. *See Tripodi v. Welch*, 810 F.3d 761, 766-67 (10th Cir. 2016) (citing *Jafari* when determining that a default judgment may satisfy the Order Requirement); *Conway v. Palczuk*, 615 F.Supp.3d 387, 392-93 (E.D. N.C. 2022) (noting that the court would not "opine on the propriety" of a variety of approaches to Section 523(a)(19), including cases that "have exempted a person from the automatic stay to permit the person postpetition to pursue a qualifying judgment under 11 U.S.C. § 523(a)(19)" or determined that a "bankruptcy court itself can reach the merits of an alleged securities violation postpetition"); and *One Longhorn Land I, L.P. v. Presley*, 529 B.R. 755, 761-62 (C.D. Cal. 2015) ("[Section 523(a)(19)]'s reference to '*any* judgment, order, consent order, or decree entered in *any* Federal or State judicial or administrative proceeding,' and the fact that the statute was amended to remove a previous condition that the judgment or order be entered pre-petition, suggest that the bankruptcy court can make the liability determination itself") (citing 11 U.S.C. § 523(a)(19)(B)(i); and *In re Jensen-Ames*, 2011 WL

13

1238929, *8 (Bankr. W.D. Wash. 2011)). *But see Hardwick v. Anderson as Co-Trustees of Allan G. Anderson Revocable Living Trust*, 658 B.R. 123, 130 (E.D. Tex. 2024) (noting that Section 523(a)(19) mirrors 11 U.S.C. §§ 523(a)(11) and (13), which require "a determination outside the bankruptcy court as a condition precedent for finding the debt dischargeable") (citing *Jafari*, 401 B.R. at 499, and *In re Pujdak*, 462 B.R. 560, 576 (Bankr. D. S.C. 2011)).

39. However, as noted above, numerous bankruptcy courts have determined that the Expanded View is the correct approach. *See Stehrenberger*, 665 B.R. 402; *In re Bae*, 645 B.R. 272, 288 (Bankr. N.D. Cal. 2022); *Holzhueter*, 571 B.R. at 822-24; *In re Chui*, 538 B.R. 793, 805-807 (Bankr. N.D. Cal. 2015); *Hill*, 495 B.R. 646; *Jensen-Ames*, 2011 WL 1238929 at *8-9; and *In re Jansma*, 2010 WL 282511 (Bankr. N.D. Ill. 2010). *See also Chan*, 355 B.R. 494.

40. Additionally, several bankruptcy courts within the Eleventh Circuit have indicated or implied that a bankruptcy court may itself satisfy the Order Requirement of § 523(a)(19). *See In re King*, 624 B.R. 259, 301 (Bankr. N.D. Ga. 2020) ("If [a debtor] is found liable for securities fraud . . . section 523(a)(19) makes that debt non-dischargeable without further action . . . This is true whether the determination of liability is made by this Court or the state court"); and *In re Lichtman*, 388 B.R. 396, fn. 22 (Bankr. M.D. Fla. 2008) ("In this case, the related state court case alleging securities fraud was not filed against [the bankruptcy debtor] until after he filed this bankruptcy case. Plaintiffs' claims against [debtor], therefore, are not yet reduced to judgment . . . However, . . . a plaintiff whose claim [has] not been reduced to judgment may still seek an exception to discharge").[9]

---

[9] RLH acknowledges that even within this Circuit there is, however, a certain level of inconsistency at play regarding this issue. *See In re Sullivan*, 2017 WL 2963370, *2 (Bankr. N.D. Ga. 2017) (quoting *Jafari*, without further analysis, when determining whether an existing judgment was nondischargeable pursuant to Section 523(a)(19)); *In re Miles*, 2011 WL 1124183, *5 (Bankr. N.D. Ga. 2011) ("The liability determination of a debt described in § 523(a)(19) must occur outside the bankruptcy forum; only then does a court—bankruptcy or non-bankruptcy—determine dischargeability"); and *In re Zimmerman*, 341 B.R. 77, 81 (Bankr. N.D. Ga. 2006) (determining that, when ruling on

14

41. RLH acknowledges that the Eleventh Circuit has cited *Jafari* and *Pujdak* when noting that "[e]ssentially, [Section 523(a)(19)] has two requirements: first, the debt must be for the violation of securities laws or a fraud in connection with the purchase or sale of a security; second, the debt must be memorialized in a judicial or administrative order or settlement agreement." *In re Creech*, 782 Fed.Appx. 933, 938 (11th Cir. 2019).[10] However, the Eleventh Circuit did not comment in *Creech* whether bankruptcy courts may or may not enter the order "memorializing" the securities fraud debt, as that question was not before the court.

42. In sum, there is an abundance of persuasive precedent holding that the Expanded View, and not the Narrow View, is the correct and more sensible interpretation of § 523(a)(19). This Court should follow that abundant persuasive precedent.

## II. The Additional Arguments Raised in the Motion Should be Rejected.

43. Although the operative issue presented by the Motion is essentially whether the Narrow View or Expanded View should apply to RLH's claim under § 523(a)(19), the Motion asserts other collateral arguments. It is unclear from the Motion precisely what relief the Debtor is seeking based on these arguments. Regardless, as explained below, the arguments are meritless, and the Court should reject them.[11]

### A. RLH Was Not Required to Assert a "Standalone Claim for Securities Law Violations" Separate From Its Count for Non-Dischargeability under § 523(a)(19).

---

a motion for relief from stay, "Section 523(a)(19) expressly contemplates a postpetition determination of liability by a nonbankruptcy forum").

[10] The *Creech* case also cites *In re Minardi*, 536 B.R. 171, 192 (Bankr. E.D. Tex. 2015), which itself cites *Jafari*, as well as other caselaw adopting the Narrow View, and states that the "proper interpretation of § 523(a)(19), even as amended, requires that a tribunal other than the bankruptcy court determine the liability aspect[.]"

[11] Debtor also argues in the Motion that RLH's efforts to obtain non-dischargeability pursuant to Section 523(a)(19) constitute wastefulness and are preventing an efficient resolution of this case. (Motion, pgs. 9-12). As those arguments were chiefly prompted by issues regarding the parties' ongoing discovery that have now been resolved, RLH will not address them here. However, RLH reserves all rights in respect to such arguments.

15

44. The Debtor erroneously asserts without citation to any authority that RLH was required to plead a separate count asserting a "standalone claim for a securities-law violation to be adjudicated here" but instead sought only "a nondischargeability determination." (Motion, pg. 6).

45. A creditor seeking a determination of non-dischargeability pursuant to § 523(a)(19) is not required to assert their underlying securities or fraud claims as a separate, standalone count within their complaint. Rather, both requests for non-dischargeability, and adjudication of the underlying liability claim, may be asserted within the same count. *See Jansma*, 2010 WL 282511 at *6 (noting, in respect to a motion to dismiss, that "[h]aving determined that the order or judgment required in § 523(a)(19)(B) may be entered in the instant proceeding, the only pleading requirements for [plaintiff] to survive a motion to dismiss arise solely out of subsection (A). [Plaintiff] must provide the Court with factual allegations that support a probable likelihood that [debtor] committed a state or federal securities law violation; or common law fraud, deceit or manipulation in connection with the purchase or sale of any security").

46. Moreover, Federal Rule of Civil Procedure 8, as incorporated by Federal Rule of Bankruptcy Procedure 7008, provides that when asserting a claim "the pleader need only set forth a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of the statement is to provide 'fair notice' of the claim and 'the grounds upon which it rests.'" *In re Rubin*, 2013 WL 12461120, *5 (Bankr. M.D. Fla. 2013) (citing *Dimuccio v. D'Ambra*, 779 F.Supp. 1318, 1322 (M.D. Fla. 1991)). RLH has satisfied this requirement.

47. Count 5 asserts that Debtor committed securities violations and fraud in his dealings with RLH. Specifically, this count asserts that, in addition to committing common law fraud, deceit, or manipulation in connection with the purchase or sale of a security, Debtor violated 15 U.S.C. §§ 77*l*(a)(1) and 77e, 15 U.S.C. § 77*l*(a)(2), and Alabama Code §§ 8-6-17 and 8-6-19. (Compl. ¶¶ 62-70).

16

48. Count 5 also expressly requests that the Court enter a judgment in RLH's favor for "all amounts owed by Debtor under or related to [the Loans], including prejudgment interest, attorneys' fees, reasonable costs, relief to which RLH is entitled under applicable securities laws, and such further relief as the Court deems proper." (Compl. pg. 15).

49. The language in the Complaint is more than sufficient to provide "fair notice" to the Debtor of RLH's securities claims and the grounds upon which they rest. The fact that RLH did not bifurcate Count 5 into separate counts does not preclude the Court from both considering the merits of RLH's securities claims and issuing an order or judgment regarding those claims' non-dischargeability. Accordingly, Debtor's contention that a "standalone" count for securities violations is required is not a basis for summary judgment.

### B. RLH Was Not Required to Seek Stay Relief.

50. Debtor asserts within the Motion that RLH should have sought relief from the automatic stay and pursued its securities claims within the State Court Action instead of pursuing them in this Court. (Motion, pg. 6).

51. As explained above, the Order Requirement under § 523(a)(19)(B) may be satisfied by a judgment from this Court in this "Federal judicial proceeding." Accordingly, stay relief was not required because RLH elected to litigate its securities claims, along with its other claims under § 523(a) arising out of the same common facts, in a single action before this Court.

### C. RLH's Pursuit of Non-Dischargeability Under § 523(a)(19) Is Not Unnecessary and Wasteful.

52. Debtor also incorrectly asserts that RLH's attempt to seek non-dischargeability pursuant to § 523(a)(19) is an unnecessary and wasteful exercise. Specifically, Debtor contends that while certain debts do require the bankruptcy court to enter a determination of non-

17

Case 24-00051-TOM    Doc 41    Filed 01/16/26    Entered 01/16/26 14:43:20    Desc Main
Document    Page 17 of 20

dischargeability pursuant to § 523(c), debts for securities violations under § 523(a)(19) are not subject to this requirement. (Motion, pg. 8).

53. In support of this assertion, Debtor cites to *In re McClung*, 304 B.R. 419, 424 (Bankr. D. Idaho 2004), which states that there "is no prerequisite that a creditor seek a determination from the bankruptcy court that a debt is nondischargeable as a condition of collecting a debt excepted from discharge under [§ 523(a)(19)]." (Motion, pg. 8). Debtor goes on to state that RLH's debt already holds a non-dischargeable status due to the operation of law if certain statutory elements are met, and, as such, RLH's pursuit of a non-dischargeability determination by this Court is unnecessary and wasteful. *See Id*.

54. Count 5 would only be "unnecessary" if the Order Requirement were satisfied by a pre-existing adjudication of a securities violation entered in "any Federal or State judicial or administrative proceeding." In that instance, it would be unnecessary for RLH to bring this action pursuant to § 523(a)(19). However, no such adjudication has been entered on RLH's securities claims against the Debtor. Hence, far from constituting an "unnecessary" venture, RLH is merely complying with the statute by seeking entry of an adjudication from this Court in satisfaction of the Order Requirement.

55. Thus, RLH's pursuit of Count 5 is not an unnecessary and wasteful endeavor, but, rather, a valid and economical effort to resolve all of its claims within a single proceeding while complying with the requirements of § 523(a)(19).

**D. RLH's Count 5 is not Impermissibly Duplicative of its Other Claims.**

56. Debtor alleges without citing to any authority that Count 5 is "essentially duplicative" of RLH's others claims raised within the Complaint and are thus "entirely redundant and procedurally improper." (Motion pgs. 8-9).

18

Case 24-00051-TOM   Doc 41   Filed 01/16/26   Entered 01/16/26 14:43:20   Desc Main
Document      Page 18 of 20

57. No rule, statute, or case law prohibits a party from asserting multiple legal theories of recovery arising out of the same operative facts, and it is common for non-dischargeability claims under multiple subsections of § 523(a) to arise out of the same facts or transactions. Moreover, Rule 8 of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7008, expressly permits parties to plead claims and defenses in the alternative. RLH's Complaint is fully compliant with the applicable rules of procedure.

58. Accordingly, Debtor's unjustified complaints about duplicative theories of non-dischargeability asserted by RLH arising out common and/or overlapping facts are not a basis for any relief, much less the entry of a partial summary judgment on Count 5.

## CONCLUSION

59. For the foregoing reasons, Debtor is not entitled to judgment as a matter of law on Count 5 of the Complaint.

WHEREFORE, RLH respectfully requests that the Court enter an order denying the Debtor partial summary judgment on Count 5 of the Complaint and such other and further relief as the Court deems proper.

Respectfully submitted January 16, 2026.

>  /s/ N. Chris Glenos
>  N. Chris Glenos
>  Marianna R. Nichols
>  *Attorneys for RLH Properties Corporation*

**OF COUNSEL**
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Federal Place
1819 5th Avenue N.
 Birmingham, AL 35203
Phone: 205-521-8000
Fax: 205-488-6721
cglenos@bradley.com
mnichols@bradley.com

19

*/s/ Robert T. Clark*
Robert T. Clark
Andrew J. Sinor, Jr.
*Attorneys for RLH Properties Corporation*

**OF COUNSEL**
**HAND ARENDALL HARRISON SALE, LLC**
1801 5th Avenue North; Suite 400
Birmingham, AL 35203
Phone: 205-324-4400
Fax: 205-322-1163
rclark@handfirm.com
dsinor@handfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed a copy of the foregoing with the Clerk of this Court on January 16, 2026, using the Court's CM/ECF system, which will provide notice of such filing to all parties receiving notice in this case via said system.

I further hereby certify that on January 16, 2026, I served a copy of the foregoing via email to the following addresses:

Stuart M Maples
smaples@thompsonburton.com

Augusta Salem Dowd
aellison@whitearnolddowd.com

William Chambers Waller, IV
cwaller@whitearnolddowd.com

*Counsel for Debtor*

DATED: January 16, 2026

*/s/ N. Chris Glenos*
Attorney for RLH Properties Corporation

20